IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**ANDRED DAVIS, JR., et al.,**

       **Plaintiffs,**

v.                                                        Case No. 3:20-cv-00592

**KARL ALDRIDGE;**
**MAJOR FLEMING;**
**LT. DAVIS;**
**AMANDA MCGREW;**
**and MEDICAL STAFF,**

       **Defendants.**

## MEMORANDUM OPINION and ORDER

       Approximately ten prisoners at the Western Regional Jail and Correctional Facility in Barboursville, West Virginia have purportedly filed a joint Complaint pursuant to 42 U.S.C. § 1983, alleging that they have been subjected to systemic racism, deliberate indifference to serious medical needs, the biased and unequal application of discipline, and due process violations.. Plaintiffs request monetary damages.

       Although the United States Court of Appeals for the Fourth Circuit has not explicitly ruled that multiple prisoners are prohibited from joining together as plaintiffs in a single § 1983 action, at least one circuit has determined that the Prison Litigation Reform Act ("PLRA") bars such joinders. *Hubbard v. Haley,* 262 F.3d 1194, 1198 (11th Cir. 2001) (holding that PRLA requirement of a separate filing fee for each prisoner prevents prisoners from joining claims under Fed. R. Civ. P. 20). "Even in

light of more flexible holdings in other circuits regarding the permissive joinder of multiple prisoner plaintiffs, *see Hagan v. Rogers,* 570 F.3d 146, 157 (3d Cir. 2009); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004); *In re Prison Litigation Reform Act,* 105 F.3d 1131, 1137-38 (6th Cir. 1997), courts in [the Fourth Circuit] have found the analysis in *Hubbard* persuasive and have declined to permit prisoner plaintiffs to join in one civil action." *Griffin v. Nettles,* No. 4:18-cv-02469-RBH-TER, 2018 WL 4701293 (D.S.C. Nov. 22, 2013) (collecting cases); *also Battle v. S.C. Dep't of Corr.*, No. 2:18-cv-719-TMC, 2019 WL 926415, at *8, n. 9 (D.S.C. Feb. 26, 2019); *Galeas v. United States*, No. 5:14-CT-3225-F, 2015 WL 1433547, at *1 (E.D.N.C. Mar. 27, 2015); *Fleming v. Francis,* No. 5:13–CV–21991, 2014 WL 2589755, at *1 (S.D.W. Va. June 10, 2014) ("The undersigned finds that multiple-prisoner plaintiffs may not proceed in forma pauperis in the same civil action"); *Watterson v. Terrell,* No. 1:10CV184–RJC, 2010 WL 3522331, at *1 (W.D.N.C. Sept. 7, 2010) (finding that multiple plaintiffs subject to the PLRA may not join a lawsuit "so as to pro-rate the mandatory filing fee."); *Greene v. Phipps,* No. 7:09-cv-00100, 2009 WL 3055232, at *6 (W.D. Va. Sept. 24, 2009) (citing to the conclusion in *Hubbard* that by joining parties and claims in one case, prisoners seek to bypass the PLRA's three-strikes provision and filing fee requirement).

Another persuasive reason for disallowing multiple prisoners to join in one § 1983 complaint is the well-settled principle that "it is plain error for a pro se inmate to represent other inmates in a class action," *Fowler v. Lee,* 18 Fed. Appx. 164, 165 (4th Cir. 2001). Typically in these cases, one prisoner takes a leading role by completing the complaint form and addressing the filing fee. In this case, only Plaintiff Davis filed an Application to Proceed Without Prepayment of Fees and Costs, and only Davis signed

the Complaint. It does not appear from the complaint that Davis consulted with the others before joining them in the pleading, or that he even knows the full names of all of the listed plaintiffs. Davis cannot act on behalf of the other prisoners. *See, e.g., Ofori v. Clarke,* No. 7:18-cv-00587, 2019 WL 4344289, at * 2 (W.D. Va. Sept. 12, 2019) (holding that a prisoner "cannot sign pleadings on behalf of other pro se litigants asking for relief on their behalf."). As noted above, prisoners are each responsible for their own filing fee under 28 U.S.C. §1915(b)(1), but have used joinder as a way to lessen the financial burden, *Davidson v. Thompson,* No. 18-3084-SAC, 2019 WL 1317465, at *2 (D. Kan. Mar. 22, 2019), as well as to decrease their chances of obtaining a "strike" under the PLRA's three strikes rule. *Taylor v. First Medical Management,* 508 F. App'x 488, 493 (6th Cir. 2012). This attempt to avoid the basic requirements attendant to filing a lawsuit in this Court is unacceptable.

Finally, while the violations about which the plaintiffs complain are collectively described as systemic, it is likely that the plaintiffs have been exposed to varying levels of alleged harm at different times, involving different transactions with different defendants. Consequently, joinder is not appropriate as each plaintiff's claim will require individualized factual development and determination. *See Griffin,* 2018 WL 4701293, at *1. Accordingly, the claims of the plaintiffs should be separated into discreet civil actions and each must undergo a preliminary review pursuant to 28 U.S.C. § 1915(e)(2).

**Therefore, the Clerk of Court is directed as follows**:

This civil action, 3:20-cv-00592, shall pertain only to Plaintiff Andred Davis, Jr. and shall be styled Andred Davis, Jr. v. Karl Aldridge, Major Fleming, Lt. Davis, Amanda McGrew, and Medical Staff. The Clerk is **ORDERED** to open a new civil

3

action for each of the following plaintiffs, listing the same defendants as those named above:

1. Stewart Jordan
2. Marty Womble
3. Jacquez White
4. Rodney Toney
5. Davone McClinton
6. Kelly Davis
7. Brendan Gardner

Two other plaintiffs are identified by Davis, but they cannot be designated as plaintiffs at this time. One, Danny N/A, is not sufficiently identified to prosecute a case. The second, Shauntique Whitfield, is described as "dead." Obviously, a deceased person cannot participate in litigation. Instead, the legal representative of the deceased's estate is the proper party. No information has been provided to the Court regarding that representative, and no person has signed the complaint on behalf of the estate. Moreover, there are no allegations specific to Danny N/A or Whitfield, and no evidence that either Danny N/A or the estate of Whitfield authorized Davis to file a complaint on their behalf. Therefore, as there is no factual or legal basis upon which to accept a pleading on behalf of these individuals, the Clerk is **directed** to remove them as plaintiffs in this action and withhold opening a new case on their behalf until they request the opening of a case.

Once the new civil actions are opened, the seven new plaintiffs listed above shall be terminated as parties in this civil action. In each newly-opened action, this Order shall be docketed, followed by the Complaint filed herein, and the Standing Order Re

Assignment of Magistrate Judges. Upon the opening and docketing of the new cases, the Clerk is **ORDERED** to provide each Plaintiff with a form complaint under § 1983 and an Application to Proceed Without Prepayment of Fees and Costs. Each plaintiff is **ORDERED** to complete, sign, and file a complaint on his own behalf, stating factual allegations pertinent to his experience at the Western Regional Jail and Correctional Facility, and to either pay the $400 filing fee or submit the fully completed Application within **twenty days** of the date of this Order. Plaintiffs are advised that a failure to file the complaint, and either pay the filing fee or submit the Application, will result in a recommendation that their case be dismissed for failure to prosecute.

Each plaintiff is also hereby advised of his obligation as a *pro se* plaintiff to promptly notify the Clerk of Court of any changes in his addresses.

The Clerk is directed to provide a copy of this Order to all of the plaintiffs.

**ENTERED:** September 11, 2020

_____
Cheryl A. Eifert
United States Magistrate Judge